

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-3355
Re: Where elementary school dis-
tricts within a rural school
district are consolidated may
new school districts be in-
cluded and grouped in the
rural school district without
a vote of the electorate but
only by an order of the coun-
ty board of school trustees.

We are in receipt of your letter of July 7, 1941, in which you enclose a letter from Mr. F. W. Richardson, Superin-tendent of the Henrietta Public Schools, and request the opin-ion of this department on the questions set out in Mr. Richard-son's letter as follows:

"Since three out of seven of the elementary school districts in a rural high school district had fewer than twenty pupils in average daily at-tendance last year, the county board consolidated them with a third elementary school district for elementary school purposes. Does this legally leave only four elementary school districts, in-sofar as Article 2922c is concerned so that the county board may, upon a majority vote of the electors in the proposed enlarged rural high school district, include three additional common school districts? If of the seven originally in-cluded, six have more than twenty average daily attendance, but in the course of several years, these six petition the county board that their elementary schools be joined to that of the seventh. May the county board, by a majority vote of the electors in the proposed enlarged rural high school district, include six additional common school dis-tricts?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, Page 2

Article 2922a of the Revised Civil Statutes grants the county school trustees the authority to group school districts into rural high school districts. Said Article reads in part as follows:

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; * * *."

Article 2922b reads in part as follows:

"Rural high school districts as provided for in the preceding article shall be classed as common school districts, and all other districts, whether common or independent, composing such rural high school district shall be referred to in this Act as elementary school districts; * * *"

The limitations upon the authority of the county school board are set out in Article 2922c of the Revised Civil Statutes which reads as follows:

"No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural

high school district voting at an election call-
ed for such purpose; and providing further, that
the said board of county school trustees may
form a rural high school district containing more
than seven elementary districts upon a vote of a
majority of the qualified voters in each of the
elementary districts within such proposed rural
high school district."

Under the facts stated in the enclosed letter such
a rural high school district has been legally formed by action
of the county school board. Since that time, however, the
county board has consolidated several elementary school dis-
tricts. Also, you state that of the seven districts origin-
ally included, six have petitioned the county board that their
elementary schools be joined to that of the seventh.

The authority for the consolidation or abolition of
elementary school districts by the county school board is set
out in Article 2922f which reads in part as follows:

"The county board of school trustees shall
not have the authority to abolish or consolidate
any elementary school district already establish-
ed except upon the vote of a majority of the
qualified electors residing in such elementary
district; provided that when any school within an
elementary district fails to have an average daily
attendance the preceding year of at least twenty
pupils it may be discontinued by the board of
trustees of said rural high school district, and
said district may be consolidated by the county
board of school trustees with some other district
or districts for elementary school purposes; * * *"

In construing the above quoted Article this department
ruled in opinion No. 0-2493 as follows:

"As we construe the above statute the county
board may not abolish or consolidate an elementary
district without an election, unless the average
daily attendance for the preceding year is less
than 20 and the board of trustees of the rural high
school district has by proper order discontinued
such school.

Honorable T. M. Trimble, Page 4

"This construction is supported by the language of the court in County Board of School Trustees in Limestone County v. Wilson (T.C.A., 1928) 5 S. W. (2d) 805, referring to Articles 2922b to 2922l, as follows:

"'They further provide that the elementary districts composing said high school district shall not be consolidated nor abolished by the county school trustees except upon a vote of the qualified electors residing therein, unless the daily attendance for the preceding year shall have failed below twenty.'

"It is our opinion that when the conditions of the proviso above quoted are met, no election is necessary to authorize the respective boards of trustees to discontinue the elementary school and consolidate the elementary district with another elementary district for elementary school purposes."

To the same effect see our opinion No. 0-3085.

We believe a correct construction of Article 2922f to be that the county board does have the authority to consolidate elementary school districts providing such consolidated elementary school districts have failed to have an average daily attendance the preceding year of at least 20 pupils. It is our opinion also that Article 2922f requires that before there may be a consolidation of elementary school districts which have an average daily attendance during the preceding year of more than 20 pupils it is necessary that such consolidation be affected by a vote of a majority of the qualified electors residing in the elementary districts to be consolidated.

Our construction of 2922f, supra, is in line with the construction placed on said Article by the Austin Court of Civil Appeals in the case of Chastain vs. Mauldin, 32 S. W. (2d) 235. The court stated as follows:

"As there pointed out, the grouping pro-
vided for does not have the effect of abolishing
the several districts in the group. See also
Limestone Board v. Wilson (Tex. Civ. App.) 5
S. W. (2d) 805. It merely groups them for high
school purposes and places the grouped board in
charge of all of the schools in the district,
thus abolishing the several district boards. No
action of any character was taken which either
attempted or had the effect of abolishing the
Panther Creek district, and under the facts as
found by the court (that the average daily atten-
dance was 20 or more) the district could not have
been abolished or consolidated with any other dis-
trict without a vote of the taxpayers, which was
not had. R. S. Art. 2922f."

Assuming that the consolidation of the elementary
school districts was effected in the manner prescribed above
in Article 2922f, it is next necessary to consider the effect
of such consolidation. The effect of consolidation of school
districts is pointed out by the Waco Court of Civil Appeals in
the Case of County Board of School Trustees of Limestone Coun-
ty vs. Wilson, 5 S. W. (2d) 805. The court stated as follows:

"When two or more districts are consolidat-
ed under the Articles above referred to, each
district loses its separate identity, unless it
be for certain limited purposes in connection with
taxation, and they together thereafter constitute
a single district as though they had never had
separate existence."

To the same effect see the case of State vs. Cademhead,
129 S. W. (2d) 743.

The next question that must be considered is the au-
thority of the county board of school trustees to effect a
second grouping of the rural school districts after the same
had been originally grouped and organized. The authority for
such procedure and the reasons for same was outlined by the
Waco Court of Civil Appeals in the case of County Board of
School Trustees of Limestone County vs. Wilson, 15 S. W. (2d)
144. The court stated as follows:

"At the time the county board grouped the
Ben Hur and Nus districts in 1926, said board
evidently could have included the Marx Chapel
district, for all three were contiguous common
school districts, and each of them had less than
400 scholastics. Said board did group the Ben
Hur and Nus common school districts, and thereby
formed the Ben Hur rural high school districts,
composed of the area of said two districts. If
this district is a common school district within
the meaning of Article 2922a, as the combined
scholastic population is less than 400, then we
think said board had the right to group the Ben
Hur rural high school district embracing the
territory of the Ben Hur and Nus districts, with
the Marx Chapel district, thereby creating a new
district (new, at least, as to part of its ter-
ritory) comprising the territory of the three
former districts. * * *

"The provisions of Chapter 19A, being remedial
in their nature, should be liberally construed with
a view of correcting the conditions sought to be
remedied, and effectuating the intention of the
Legislature in enacting said chapter. To accom-
plish such intention, it is thought said board
should have the authority, after grouping certain
districts, to add to the district thus formed, by
again grouping or annexing other districts as pro-
vided in Article 2922a; and we think one purpose
of the Legislature in classifying all rural high
school districts as either common or independent
school districts, as appears by the provisions of
Article 2922b, was to enable the county board after
the creation of such districts to thereafter make
such changes in same by grouping or annexation (the
method used being dependent upon scholastic popula-
tion) as the changed conditions may require. We
think at the time the order of which complaint is
made was entered the Ben Hur rural high school dis-
trict was a common school district within the mean-
ing of Articles 2922a and 2922b, and the order of
the county school board in grouping said district
with the Marx Chapel district was valid."

It is our opinion that the effect of the consolidation of two elementary school districts, if such consolidation was effected as directed by the provisions of Article 2922f, is to make one elementary school district as far as Article 2922c, supra, is concerned. Therefore, it is our opinion that the county school board may count consolidated elementary school districts as one school district in determining whether or not there are more than seven elementary school districts in the proposed rural high school district as authorized by Article 2922c, supra. Under the plain language of that Article under such conditions the county school board can include as many as seven elementary school districts without requiring any vote of the electorate providing the proposed rural school district shall not contain a greater area than 100 square miles. If the proposed school district is to contain seven or less elementary school districts, counting the consolidated elementary school district as one elementary school district, but is to contain an area greater than 100 square miles, before such rural school district may be formed it would require a vote of a majority of the qualified voters of the proposed district. The Commission of Appeals of Texas in the case of Counts vs. Mitchell, 38 S. W. (2d) 770, in this connection held as follows:

"In certain instances the county trustees are authorized to form such districts without the necessity of submitting the question to a determination of the electorate of the districts involved. Article 2922a, R. S. 1925, as amended by Acts 39th Leg. (1925) c. 59, and Acts 40th Leg. (1927), 1st Called Sess., c. 78 (Vernon's Ann. Civ. St. Art. 2922a). They are also directed to form rural high school districts under the conditions specified in section 2922c, but their authority in this respect is limited to there first being an approval of the majority of the qualified voters of the proposed district at an election called for such purpose. * * * *"

We trust that the foregoing fully answers your inquiry on this matter.

APPROVED JUL 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:ej

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN